And at this time, we'll hear Wendel versus Mullooly. Thank you. No. Thank you. Thank you. Morning. Good morning. May it please the court, my name is Brian Bromberg of the Bromberg Law Office, PC. I represent the plaintiff appellant, Ms. Elaine Wendel. This is an appeal from the Western District of New York's dismissal under 12b-6 of a case brought under the Fair Debt Collection Practices Act. It's a relatively simple case, Your Honor, a relatively simple appeal. Under 15 U.S.C. 1692e3 of the Fair Debt Collection Practices Act, it is unlawful to falsely represent or imply that any individual is an attorney. So it's essentially your contention that the language in the letter we're looking at didn't comply with Greco. Yes, Your Honor. If it complied with Greco, end of lawsuit. We wouldn't be here if it complied with Greco. This is not a challenge to Greco. This is a challenge to  Right. That, in fact, the language contained in the first paragraph, our law firm has been retained by Bank of America N.A., successor in interest FIA card services, the bank in connection with the above referenced account. Please be advised the bank may invoke its right to file a lawsuit against you. It's our contention that that language placed at the very top of the letter overshadows the Greco disclaimer. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account, which is found at the very bottom of the letter, that that implication that Malouli Jeffrey has been retained by the bank and that the bank has a legal right to bring the lawsuit implies that Malouli Jeffrey had conducted the requisite legal analysis to determine that the bank had this legal right. Well, the letter in Greco said that if you fail to contact this office, our client may consider additional remedies to recover the balance due. Well, a reference to additional remedies suggests that remedies exist. Is that appreciably different than saying they may invoke the right to file a lawsuit? Well, Your Honor, additional remedies is a much broader thing. It includes things that lawyers can't necessarily do. It also includes a lawsuit, right? Yes, but it also includes doing what many, if not most, law firms do, which is just keep sending more letters, all containing the Greco disclaimer. If you don't contact us, we may invoke our right to send you another letter. That's basically what they're saying in Greco. Exactly. And in Avala v. Rexinger, which is another case that this court— Why do you have to reserve a right to send somebody another letter? You don't. Frankly, I think they should have left off that threat to send additional letters. The problem here is that, unlike in Greco, they're making the statement— What kind of a remedy is a letter? A letter is a remedy. A letter—they could also do other things. They can go down to the courthouse, see what other litigation has been filed against the person. They can pull a credit report, see whether— That's not a remedy either. Hmm? That's not a remedy either. Those are remedies. It doesn't get you anything. It doesn't remediate anything. You can send a letter. What do you get out of it? Those are actions which people who are not lawyers, which debt collectors acting as debt collectors and not debt collectors acting as lawyers, can take. Well, they didn't say they would do it. They say that if you—the bank may invoke its right to file a lawsuit against you, just as in Greco it said. If you fail to contact the office, our client may consider additional remedies to recoup the balance due. But, Your Honor, the key here, though, is— We'll send you a more threatening letter? Is that the— No, they'll send—well, here the problem is that they advised the bank may invoke its right to file a lawsuit against you. Certain things are implied by stating the bank has a right to file a lawsuit. Aren't the same things implied by saying that there were additional remedies? No, additional remedies. Like I said, additional remedies could be sending another letter. Additional remedies could be going to pull a credit report or going to see whether there are assets that might eventually be recovered. Greco, but the Greco letter says, in this regard, this office represents the above-named Bank of America, who has placed this matter in reference to an original account for collection, and such action is necessary to protect our client. Yes, but, Your Honor, they left out something here, which is we have the right to bring a lawsuit. When someone—when a lawyer makes that representation, we have—that our client has a right to bring a lawsuit, there's an implication that they've done certain things. They've gone and they've looked to see whether there's an agreement. They've gone to see whether or not there have been any amendments to the agreement. They've consulted with their client as to whether or not a lawsuit should be brought. Here there was an assignment purportedly from Bank of America—excuse me, to Bank of America from FIA Card Services. Presumably, before this letter was sent, Malouli Jeffrey went to see whether there was an—whether that assignment actually existed. They would go to see whether or not there are statements from Ms. Wendell—excuse me, statements sent to Ms. Wendell, whether there were any— How could your client come to that conclusion when the last line says, at this time, no attorney with this firm has personally reviewed the particular circumstances of your account? The last line, Your Honor. It's buried all the way below the G notice. It's half a page. Is it too much to ask somebody to read a half-page letter? Your Honor, the G notice has been determined to be at a grade 19 reading level. You have to go through graduate school to properly parse the language of that G notice. People read the first couple of sentences of a letter. No attorney with this—well, if you're saying that we have to assume that people won't even read a half-page letter, then I don't know what kind of debt collection can go on. Your Honor, there's the implication in the first couple of sentences of the right to bring a lawsuit. Whether or not they try and say we didn't really mean it in the very last sentence of the letter, I don't think they get the right to make that determination. There have been—there are already three cases from outside, albeit from outside of the circuit, at district courts around the country, stating that when you state that there's a right, that judicial remedies may be brought, that that overshadows the Greco language. There were the three cases that I've cited in my briefs. It's the Nepomuchino—I may be mispronouncing that—versus legal recovery law offices from the Southern District of California, the Robertson versus Richard Boudreaux and Associates case out of the Northern District of California, and the Dunn case, all of which reflect that you can't make these threats and make these statements about rights to bring a lawsuit. The Greco letter refers to the balance due, the balance due. That's a legal concept, due to be paid. That means that you—that could mean, using your analogy, that a lawyer has looked at it, decided that it's owing, and that it's due or past due. So how can they say that there's a balance due? And under your logic, that would mean that a lawyer looked at it and came to the conclusion that there was a balance and that it is due. Well, Your Honor, under 1692G, there's a requirement to give the amount allegedly due as of the date of the letter, period. So that's a requirement actually contained within the FDCPA, regardless of whether there's a lawyer involved or a non-lawyer. This is something beyond that, beyond the requirements of 1692G. This is an actual statement that there's a right to file a lawsuit. Presumably, when someone—if someone comes to me and says, Counselor, you know, I've got this potential case, do I have a right to bring the lawsuit? I would sit them down for a meeting. I would have an interview with them. There's something that goes beyond merely a fill-in-the-blanks form, and then a statement in the very first paragraph of the fill-in-the-blanks form of our client has a right to sue you. Now, Your Honor, I'm over time. No, you have three minutes rebuttal. Oh, yeah, I'd like to reserve my time, Your Honor. You can use it now if you prefer. Oh, it's entirely at your option. I'll leave it for rebuttal. Thank you. Good morning, Your Honors. We may please the Court. I'm Michael Cole, K-O-H-L, Michael O. Cole, P.C., of counsel to the defendant appellee in this matter. First, Your Honor, with respect to some of the things that Mr. Bromberg said, I don't think anywhere is there a case law or statutory law that says that the least sophisticated debtor means somebody who only reads half a letter. I think that the implication, and since we're dealing with implication upon implication here, is that the entire letter is going to be read. And rather than Mr. Bromberg's assertion that the Greco statement is buried at the bottom of the letter, it's a clear sentence set apart from every other sentence, sort of like his wherefore clause in his complaint. Nobody claims that a wherefore clause is buried at the bottom of a complaint. It's part of the document. It's there to be read if somebody chooses to read the entire document. I think the crux of his argument seems to be that while in the Greco letter there are clauses that say we represent our client and we will take such action as necessary to protect our client, our client may consider additional remedies, that there's something different, more misleading about saying the bank may invoke its right to file a lawsuit. I understand that. And the reason we're here is because Judge Curtin disagrees with him completely, that these phrases are practically indistinguishable in their meaning. And the distinction certainly is so small that how could we expect the least sophisticated debtor to see that distinction? It says our client may invoke their right to sue. Well, every client may invoke every right to sue. That's as bland, as general a statement as you can have. The fact of the matter is the Greco disclaimer is clear and conspicuous in the letter, and it specifically states that no attorney has reviewed the letter. That gives this letter Greco protection, even though it's on an attorney letterhead. But you didn't say that no attorney has reviewed the letter. The case. Right. I'm sorry. I misspoke. It's on a letterhead, so if no attorney reviewed the letter, it would be odd. Yes. But I believe that the language that's stated for Greco purposes complied and comported with the Greco holding. Judge Curtin agreed that this letter was Greco compliant. The distinction between our client may invoke its right to sue and our client has other remedies is a minuscule distinction that was found to be of no import whatsoever. I understand and my client understands that the FDCPA was passed to protect consumers, but it wasn't created to create such picky lawsuits about minor issues that are indistinguishable. It's creating a situation with my client where they're paying out money for no real infraction just because they get sued, and I think this is a clear case. I think your adversary's argument is that Greco represents high watermark of what you can say and that your letter is incrementally more ominous. Well, I think that's a factual issue that was decided by Judge Curtin that obviously is going to be reviewed by this Court, but it's clearly a factual issue. Is it distinctive enough from Greco to create the impressions and the implications that Mr. Bromberg is claiming it does? I thought that's a matter of law because we can read these two documents and we're all lawyers. The interpretation is a matter of law, yes, Your Honor, but the... Okay. It's a threat of a lawsuit that rises above the Greco threat, and it's the defendant appellee's position that Judge Curtin's decision should be upheld. Thank you. Thank you.  Essentially, this Court provided a roadmap in Greco. It provided language. It provided a safe harbor. It said, you know, we've got this disclaimer here. If you use this disclaimer... Did we prescribe a form? There was no prescription of a form, Your Honor, but when... If there's no form, then you can move the pieces around as you like, right?  Granted, there's been precious little litigation concerning the Greco disclaimer within the circuit, and I think a large part of that arises from defendants saying, you know what, let's just stick with the language that the Second Circuit signed off on. And let's just... They gave us an exception. They gave us a disclaimer, a form, albeit they didn't say this is your safe harbor form like they recently did with adopting, you know, like this Court recently did with adopting the Miller v. McCalla language from the Seventh Circuit. But they said this language will suffice, and really when you deviate from that language and you start talking about rights to file a lawsuit, may invoke the right to file a lawsuit against you, and you start moving the Greco language down to the bottom of the letter, and you start playing with the pieces, you're skating on thin ice. And really I think that this Court needs to say to defendants, don't play with the Greco language. If you want the advantage of the Greco language, don't play around with it. Otherwise, you're putting yourself in the same position as the other cases I talked about, Nepu... Nepu Mucheno v. Legal Recovery, Robertson v. Richard Boudreaux, Dunn v. Derrick and McGavick, where the debt collectors played with the language. They talked about legal action. They talked about court costs. They talked about attorneys' fees. They talked about review will determine whether there was a valid legal dispute regarding the debt. They talked about valid legal defenses, non-litigious resolution, judicial remedies. They talked about legal rights to file a lawsuit. And those are the kinds of things that only lawyers acting as lawyers, not lawyers disclaiming their involvement and not conducting meaningful review, can threaten and can put into their letters. So I think that really I'm asking this Court, and Ms. Wendell's asking this Court, to step forward and say, you know, just stick with the Greco language and you're not going to have a problem. Thank you. Thank you, Your Honor. We're going to reserve decision.